UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHAWN K. ODNEAL,

    Plaintiff,

v.

PAUL SCHNELL, GUY BOSCH, MARRISA WILLIAMS, STEPHANIE HUPPERT, JENNY CARUFEL, ERIC HENNEN, LEIGH MCCOY, CELEST AILERU,

    Defendants.

Case. No. 22-CV-3107 (JRT/JFD)

**ORDER**

    This matter is before the Court on Plaintiff Shawn Odneal's second Motion for Appointment of Counsel (Dkt. No. 29). Mr. Odneal claims that state prison officials' interpretation of Minnesota Department of Corrections policies on contraband—specifically policies defining material containing nudity as contraband—have violated his First and Fifth Amendment rights under the Constitution. (Compl. ¶¶ 46–47, Dkt. No. 1-1.) This Court denied Mr. Odneal's previous Motion to Appoint Counsel (Dkt. No. 3) on February 27, 2023, finding that it was "not yet clear that the assistance of counsel would substantially benefit either Mr. Odneal or the Court in this proceeding" because Defendants had not yet responded to Mr. Odneal's complaint, meaning it was impossible to assess "whether, or to what extent, factual disputes are likely to arise in this proceeding—or whether those factual disputes will prove to be material." The Court stated that it would

1

reconsider the question of whether appointing counsel would be beneficial on its own motion if circumstances changed. (*Id.*)

On April 7, Defendants filed their Answer (Dkt. No. 25) and ten days later Mr. Odneal filed the instant Motion to Appoint Counsel with language and arguments that are almost indistinguishable from his original motion for appointment of counsel. (*Compare* Pl.'s Mot., Dkt. No. 3 *with* Pl's Mot., Dkt. No. 29.) Since Mr. Odneal's first motion for appointment of counsel was denied without prejudice in large part because Defendants had not answered, the Court now considers whether that Answer presents a material change in circumstances justifying a re-evaluation of the Court's initial Order.

Civil litigants have "neither a constitutional nor a statutory right to appointed counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). District Courts may appoint counsel or, more accurately, request that counsel represent an indigent plaintiff, if the plaintiff states a "non-frivolous claim" and if the Court finds that the plaintiff and the Court would benefit from the services of counsel. *Patterson*, 902 F.3d at 850 (citing 28 U.S.C. § 1915(e) and *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). Among the factors that a court should consider in deciding whether to appoint counsel are "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward*, 721 F.3d at 942.

In reviewing the complaint and answer the Court finds that this case is not more complicated—in either a factual or a legal sense—than other cases filed by *pro se*[1] prisoners. The complaint and answer have identified the dispute and the relevant documents. Mr. Odneal has not alleged that he cannot investigate the relevant facts or present his claims, only that doing so will be challenging given his incarceration. (Pl.'s Mot. 1, Dkt. No. 29.) To the extent that the parties dispute the facts of this case, which revolves around the Minnesota Department of Corrections' interpretation of a policy, the Court is confident that Mr. Odneal can explain his position on those factual disputes to the Court. Mr. Odneal has done well in representing his interests before the Court.[2]

Accordingly, **IT IS HEREBY ORDERED** that Mr. Odneal's Motion for Appointment of Counsel (Dkt. No. 29) is **DENIED WITHOUT PREJUDICE**.

Date: May 3, 2023                                         *s/ John F. Docherty*
                                                                      JOHN F. DOCHERTY
                                                                      United States Magistrate Judge

---

[1] Mr. Odneal is proceeding *pro se*, but not *in forma pauperis*. Mr. Odneal could have proceeded *in forma pauperis* by paying the filing fee in installments (Order 4, Dkt. No. 5) but Mr. Odneal elected to pay the full filing fee instead (Receipt, Dkt. No. 6). Thus, Mr. Odneal's application to proceed *in forma pauperis* was correctly dismissed as moot. (Dkt. No. 22.) Nevertheless, the Court assumes without deciding that Mr. Odneal cannot afford the services of a lawyer.

[2] Mr. Odneal is reminded that various resources are available to him on the Court's website for *pro se* litigants under "Representing Yourself" found at https://www.mnd.uscourts.gov/representing-yourself.